IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal No.: 21-cr-128 (RC) |
| vs. | ) |
| | ) |
| William Pope and Michael Pope, | ) |
| | ) |
| Defendants. | ) |

## MOTION BY DEFENDANT MICHAEL POPE FOR A SEVERANCE FROM DEFENDANT WILLIAM POPE AND INCORPORATED MEMORANDUM OF LAW

NOW COMES Defendant Michael Pope, by and through the undersigned court-appointed counsel, and hereby moves for a severance of defendants based upon the potential for prejudice to his right to a speedy trial, prejudice from spillover evidence from his co-defendant William Pope, and prejudice from the *pro se* defense of William Pope, with the interests of judicial economy supporting this severance, and in support states as follows:

1. Defendant Michael Pope and his older brother, Defendant William Pope, are currently pending trial in a prosecution arising from their participation in the disturbances on January 6, 2021 at the United States Capitol.  The two defendants are charged in a First Superseding Indictment.  (ECF No. 46.)

Efforts by Michael Pope to negotiate a pre-trial disposition of this case

reached an impasse late last month, after good-faith negotiations with three

successive Assistant United States Attorneys assigned to this matter.

Currently, Michael Pope intends to contest at trial the two felony charges

against him, under 18 U.S. Code § 231 ("Whoever commits or attempts to

commit any act to obstruct, impede, or interfere with any . . . law enforcement

officer . . . during the commission of a civil disorder), <u>and</u> under 18 U.S. Code

§ 1512(c)(2) ("Whoever corruptly . . . obstructs, influences, or impedes any

official proceeding, or attempts to do so").  There is **no** conspiracy alleged.

Michael Pope is also pending trial on misdemeanor offenses under Title 18

and Title 40 relating to his conduct at the Capitol, which he has been inclined

to settle. Michael Pope intends to waive his right to jury trial and, subject to

the outcome of pre-trial motions to dismiss, **to request a bench trial on the**

**charges** before this Court, and to stipulate to many of the Government's

allegations. This approach will greatly narrow the factual issues in dispute as

well as the amount of judicial resources required to try Michael Pope's case.

2. Under these circumstances, Michael Pope should be tried on a very different

timeline than his *pro se* co-defendant William Pope, whose trial preparations

and discovery access issues could take many more months or even years.

While Michael Pope requires *some* additional time to prepare a defense, his

right to a speedy trial will become prejudiced in the coming months if he

must continue to trial joined with William Pope.

3. Judicial economy will be served by a severance, starting with the fact that Michael Pope seeks a brief bench trial, limited to the evidence admissible against him.  Michael Pope is willing to stipulate to the authenticity of the video evidence offered against him that was produced in discovery.  There is little or no other evidence or witnesses to Michael Pope's actions or state of mind on January 6th at issue that would require the Government to duplicate its efforts to any significant degree and to inconvenience numerous witnesses (especially lay witnesses) by calling them again at a separate trial.  There is no allegation of a conspiracy between the two defendants, or any similar scheme providing typical reasons for trying them together.

4. Assuming *arguendo* a jury trial despite Michael Pope's request, an independent ground for severance is the prejudice to Michael Pope from the spillover effect with the jury of evidence that would be inadmissible against Michael Pope alone.  A joint trial with his brother is likely to result in an attribution by the jury of guilt by association.

5. As a discretionary factor in favor of a severance, the *pro se* representation of William Pope would also likely affect Michael Pope negatively with jurors.

6. Undersigned counsel spoke to counsel for the Government, and the Government opposes severing the trials of the two defendants.

7. The grounds supporting this Motion thus far are more fully developed below in the incorporated Memorandum of Law. Michael Pope hereby reserves

other possible arguments that are not ripe for briefing that may also require or support severance.[1]

## MEMORANDUM OF LAW

Federal Rule of Criminal Procedure 14(a) provides that "(i)f the joinder of offenses or defendants in…a consolidation for trial appears to prejudice a defendant…, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Rule 14 thus provides this Court with "great latitude to sever defendants." *United States v. Brown*, 16 F. 3d 423, 432 (D.C. Cir. 1994).

Severance is appropriate on grounds of prejudicial joinder when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539-40 (1993).

A.  Michael Pope's Right To A Speedy Trial Will Be Violated By A Joint Trial

Here, Michael Pope's trial right to a speedy trial will be prejudiced unless he is severed from that of his older brother, William Pope. Michael Pope seeks a bench trial in the next several months on a narrow set of issues, namely, whether he acted

---

[1] Defendant Michael Pope files this motion now to timely advance a request to sever the defendants for trial, given the impasse at resolving his case.  The Court had earlier focused discussion of a severance based on the different trial timing considerations for the two defendants, and that is the leading basis cited herein. Michael Pope reserves the right to supplement this Motion with additional grounds for severance that are still in development, especially the possible need in Michael Pope's defense at trial for calling William Pope as a witness to exculpate Michael.  *See, e.g., United States v. Kayode,* 254 F. 3d 204, 210 (D.C. Cir. 2001)(*quoting United States v. Ford*, 870 F. 2d 729, 731  (D.C. Cir. 1989)).  However, the parties may not need to brief this issue based on the existence of other grounds sufficient for severance.

with the intent to stop the electoral vote tabulation in Congress and with the intent to obstruct a police officer.  In contrast, William Pope is exploring deeply (as is his right) the historic amount of discovery in this case.  His current means of accessing much of this material only through standby counsel is the subject of his pending interlocutory appeal. (ECF No. 107). William Pope, who is in the academic and media professions, has expressed broad plans to challenge the Government's overall response to the demonstrations at and subsequent entries into the Capitol. Michael Pope has raised no such issues at this time, and has no present intentions to do so. William Pope has clearly manifested a desire to defend all of the charges against him and to fully exercise all procedural and constitutional rights at his disposal, for as long as that may take.  Michael Pope wishes to defend the most serious and over-charged counts against him, and then to move on with his life as a rancher and as an operator (with his wife) of a facility on the ranch for the care of autistic children.

   B.  Considerations of Judicial Economy Favor Separate Trials In This Case

        In this case, the interests of judicial economy are aligned with Michael Pope's defense interests in severing his trial from William Pope's.

        There is no indication that William Pope, like Michael Pope, is willing to waive his constitutional right to a jury trial and to proceed by bench trial. Therefore, if the two defendants were tried together by a jury, extensive motions, objections, cross-examinations, and instructions would be needed in an attempt to avoid prejudice to Michael Pope from a joint trial.  Court resources are better conserved giving Michael Pope his own brief bench trial.

There is also no great economy achieved by trying them together anyway, despite William Pope's and Michael Pope's presence together over much of January 6, 2021. The case against both is made in large part by video. Michael Pope will stipulate to the authenticity of the video. It is unclear from the discovery what non-custodian witnesses' testimony would be needed against both men for the Government to prove its case. In any event, to the extent the Government claims to have crucial overlapping witnesses, those would presumably be local police officers, that is to say, professional witnesses readily available to the government. This is not a case where a lot of lay witnesses would need to be called at two trials.

A case streamlined down to the evidence against Michael Pope may take but two or three days. This can be surmised from the face of the Complaint and First Superseding Indictment, plus the limited discovery that is specific to these two defendants. The evidence specifically relevant to Michael Pope's state of mind concerning the electoral vote count and the officers he encountered face-to-face would constitute a small fraction of the total evidence in this case if the defendants were to be tried jointly.

Therefore, the incremental costs of holding a first trial for Michael Pope would be minor, and as argued above, the severance would come with time *savings* for the Court and avoidance of error.

C. The Spillover Evidence from a Joint Trial Will Prejudice Michael Pope

Severance is also appropriate because Michael Pope would suffer prejudice in a joint trial from evidence that the jury should not consider against him (and that

would not be admissible if he were tried alone) is admitted against his co-defendant, William Pope. *See Zafiro*, 506 U.S. at 539-40. Evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. *Id.* A showing of prejudice under Rule 14 leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion, taking into consideration the need "to promote economy and efficiency" in the conduct of the trials of defendants indicted together. *See id.*

As a prime example of anticipated prejudice, the Government has produced in discovery evidence depicting William Pope allegedly using a flagpole to hold open a door to the Senate entrance to the Capitol, allowing in protestors behind him. However, there is no evidence of which undersigned counsel is aware tending to show that Michael Pope knew about the possibility of his brother taking any such action in advance, or took part in such an action, or had even observed it happening. There is no basis, therefore, to admit this piece of evidence against Michael Pope in attempting to prove his state of mind for his actions inside the Capitol.

Moreover, there will be evidence that depicts Michael Pope in close proximity to William Pope while the latter is doing and saying things, but that is nonetheless *not* probative of Michael Pope's state of mind as to obstruction of the electoral vote count or as to obstruction of a police officer. At the very least, the probative value of such evidence will be in many cases outweighed by its prejudicial effect. A prominent example of such evidence upon which the Government has said it intends to rely is from a video posted to Facebook. As alleged in the Complaint narrative,

the video depicts a scene as the two Pope brothers walked in the direction of the

Capitol:

> In the Facebook video, WILLIAM POPE stated that he was marching to the Capitol, explained why he was marching to the Capitol and introduced his brother, MICHAEL POPE (pictured in the first video screen capture below).

> In the video, WILLIAM POPE panned the camera over to MICHAEL POPE and stated, "I am here today with my brother Michael. He flew in from Idaho." A second screen shot shows MICHAEL POPE from the rear with a green backpack with a distinctive light-colored stripe in the center of it (pictured in the second video screen capture below.)



(ECF No. 1-1, Statement of Facts attached to Complaint, at 2.)

In this episode, as with others, there is no basis for inferring Michael Pope's motivation from William Pope's explanation.  Nor is there a basis even for assuming that Michael Pope, walking in front of William Pope, was paying a substantial amount of attention to much of what his brother was saying on the recording. These were mere moments taking place in the course of a long, tiring winter day, amidst a noisy march of hundreds of thousands of people.  Michael Pope would stipulate that he was nearby his brother, and heard his brother call his name. Beyond that, the Government's reliance on the video for proof against Michael Pope, especially in a case where there is no conspiracy alleged, is clearly more prejudicial than probative.  Moreover, a jury cannot be safely instructed to set aside William Pope's views on the video in considering Michael Pope's guilt of the felonies.  Guilt by mere association will result from accumulating this and many other similar incidences of William Pope's individual conduct to which Michael Pope did not subscribe or even demonstrably observe.

D.  William Pope's *Pro Se* Representation Will Likely Prejudice Michael Pope

In this case, the Court should consider in its discretion that, because William Pope has proceeded since last year in his own *pro se* defense, a joint trial would be pregnant with the possibility of further prejudice to Michael Pope.  *See United States v. Veteto*, 701 F.2d 136, 139 (11th Cir. 1983) ("A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is pregnant with the possibility of prejudice. Such a trial, however, is not prejudicial per se.") Making no pre-judgment on the merits of William Pope's defenses or tactics in particular, it is

fair to say that *pro se* defendants as a general matter cause difficulties for the jury or for their co-defendants given their lack of familiarity with federal trial procedure. Among other things, delays during trial from the *pro se* representation would be enough to breed among jurors disfavor and bias against the whole defense table.  As the court in *Veteto* recognized, many kinds of mid-trial developments with *pro se* defendants have created thorny appellate issues. Concededly, this Court is not *required* to give Michael Pope a separate trial from his *pro se* co-defendant, but the threat of harm could become sufficient to sever the case in this Court's discretion. This Court should weigh this together with the other kinds of anticipated prejudice set forth above, and prophylactically grant severance now.

## CONCLUSION

The case against Michael Pope for the felony conduct the Government alleges he committed should be tried on its own – unassisted by guilt-by-association from the case against his brother, co-defendant William Pope. The prejudicial effects of their joinder, and the interests of judicial economy warrant severance of defendants.

WHEREFORE, for the foregoing reasons, the Motion for Severance should be granted.

Dated this 12th day of June, 2023.          Respectfully submitted

/s/ Bruce H. Searby_____
Bruce H. Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Fax:  202-849-2122
bsearby@searby.law

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of June 2023, true and genuine copies of <u>MOTION BY DEFENDANT MICHAEL POPE FOR A SEVERANCE FROM DEFENDANT WILLIAM POPE AND INCORPORATED MEMORANDUM OF LAW</u> were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

Respectfully submitted,

/s/ Bruce H. Searby_____
Bruce H. Searby, DC Bar No. 1012382
SEARBY LLP
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Fax:  202-849-2122
bsearby@searby.law