**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-00128 (RC) |
| | : | |
| MICHAEL POPE, | : | |
| | : | |
| *Defendant*. | : | |

## PRETRIAL ORDER

It is hereby **ORDERED** that following schedule shall govern proceedings in this case:

1. The parties shall file any motions in limine on or before **November 27, 2023**, with responses due by **December 4, 2023**;

2. The parties shall submit a joint pretrial statement that complies with the directives detailed below on or before **November 27, 2023**;

3. The parties shall appear for the pretrial conference on **November 30** at **11:00 a.m.** by **videoconference**;

4. The Court will conduct the waiver of jury trial colloquy at the pretrial conference;

5. Trial will commence on **December 13, 2023** at **10:00 a.m.** in **Courtroom 23A**.

It is **FURTHER ORDERED** that, in order to ensure that the trial in this case proceeds with efficiency, dignity, and congeniality, the parties shall comply with the following directives:

## JOINT PRETRIAL STATEMENT

The Joint Pretrial Statement must include the following:

1. A **list of expert witnesses** the parties intend to call, to the extent required in order to comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C);

2. A list of all **outstanding motions in limine**;

3. A **list of prior convictions**, if any, that the government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

4. A **list of exhibits** that each party intends to offer during trial

    a. exhibits should be marked by number (1, 2, 3), and groups of exhibits should be marked by number and letter (1A, 1B, 1C);

    b. the parties shall indicate those exhibits that are agreed upon, those exhibits that are not, and those exhibits to which there is an objection;

    c. exhibits will be presumed authentic unless an objection to their authenticity is noted in the Joint Pretrial Statement; and

    d. the parties shall separately provide to the Court a **binder of the actual exhibits that the parties intend to use** at trial;

5. **Any stipulations**, signed by counsel and the defendant;

6. A list of **any matters of which the parties seek the Court to take judicial notice**, along with the proposed language; and

7. A **proposed verdict form**, as well as proposed special interrogatories (if any);

## TRIAL PROCEDURES

The following procedures will govern the trial proceedings in this case:

1. **Schedule:** Unless the parties are otherwise notified, the Court will convene the trial from 10:00 AM to 1:00 PM and 2:00 PM to 5:30 PM. The parties must be in the courtroom at least 5 minutes before court is scheduled to begin or resume.

2. **General Courtroom Rules:** The Court expects the parties to exercise civility at all times. Unless leave is otherwise granted, counsel shall:

    a. examine witnesses or address the Court from the lectern;

    b. obtain permission before approaching a hostile or adverse witness;

    c. stand when raising objections;

    d. remain in the courtroom once court is in session;

    e. direct all statements to the Court rather than to the opposing party; and

    f. refer to all witnesses aged 18 or over, including their own clients, as "Mr." or "Ms." rather than a first name or nickname.

3. **Technical Equipment:** Parties who would like to use technical equipment (*e.g.*, overhead projectors, video display monitors) must contact the Courtroom Technology Administrator of the Clerk's office at (202) 354-3019.

4. **Witnesses:** A party calling a witness must arrange for the witness's presence until cross-examination is completed.  Failure to have a witness present for cross-examination is grounds for striking the witness's testimony.  Except in extraordinary circumstances, the Court will not recess simply because a witness is unavailable.  The Court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the Court ahead of time.  Additionally, parties are advised to avoid eliciting witness's personal identifiers such as social security numbers, financial account information, names of minor children, dates of birth, and home addresses.  If such information inadvertently becomes part of the record, the parties may request redaction of such items.

5. **Exhibits:** Parties who plan to tender exhibits must provide an exhibit to the courtroom deputy.  As indicated above, exhibits should be marked by number (1, 2, 3); groups of exhibits should be marked by number and letter (1A, 1B, 1C).

6. **Closing Arguments:** In making closing arguments, counsel shall be limited by the evidence presented during trial.  Moreover, during closing argument and throughout trial, counsel shall not:

    a. make personal attacks on other counsel in the case; nor

    b. make potentially inflammatory racial, ethnic, political, or religious comments.

7. **Admonition:** With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections.  The Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles and standards of civility.  Failure to abide by these rules may result in sanctions.

**SO ORDERED**.

Dated:  November 16, 2023                                           RUDOLPH CONTRERAS
                                                                    United States District Judge