IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Criminal No.: 21-cr-128 (RC) |
| vs. | ) ) ) | |
| Michael Pope, | ) ) | |
| Defendant. | ) | |

**MOTION TO STAY CASE PENDING DECISION OF THE U.S. SUPREME COURT ON 18 U.S.C. § 1512(c) IN *UNITED STATES v. FISCHER;* REQUEST FOR EXPEDITED BRIEFING AND HEARING**

Defendant Michael Pope, by and through his undersigned counsel, hereby respectfully requests to stay proceedings in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). Because of the pretrial briefing schedule and trial date of January 16, 2024 in this case, Michael Pope also requests an expedited briefing and a hearing of this motion at the earliest possible date.

The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

Michael Pope is also charged under § 1512(c) and intends to litigate this same question in his case in a motion to dismiss now being prepared and scheduled under the pretrial Scheduling Order to be filed later this week, on December 22, 2023. Indeed, § 1512(c) represents the lead felony in Michael Pope's case, which thereby drives defense strategy, the possible sentence in this case, and the history of plea discussions. Thus, resolution of *Fischer* will directly impact the validity of any conviction under § 1512(c). As discussed further below, proceeding to trial in his case will potentially prejudice him should the Supreme Court resolve *Fischer* in the defendant's favor. It will also involve the expenditure of judicial resources that ultimately may prove to have been unnecessary based on *Fischer*'s outcome by the end of June 2024. There is no prejudice to the Government, should the stay be granted, given the anticipated nature of its proof – video, officers, and messages.

This Court, which has inherent control over its docket, should stay this case before proceeding through litigation and trial, fundamentally because there is *at least* a fair prospect of the Supreme Court throwing out the Government's flagship theory in this case. Such exercise of power may be particularly warranted after the United States Supreme Court has granted certiorari in other cases the outcome of which will shape proceedings. *See Harrington v. Wilber,* 670 F.Supp.2d 951, 955 (S.D. Iowa 2009) (*citing Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990). It may thus be "prudent" and "warranted" to stay district court litigation amidst doubts about validity of a party's key position after the Supreme Court had granted certiorari in a case raising that very issue. *See Thomas v. Nakatani*, 128 F.Supp.2d 684, 693-94 (D. Hawaii 2000).

In exercising the Supreme Court's own power to issue stays, a circuit justice has held that if it was likely that an application presented issues that were "not frivolous" and which would likely induce the Supreme Court to grant certiorari, a stay of district court proceedings should be granted. *See Russo v. Byrne*, 409 U.S. 1219, 1221 (1972) (J. Douglas); see also *Heckler v. Blankenship,* 465 U.S. 1301, 1302 (1984) (J. O'Connor) (staying district court where Supreme Court had already granted certiorari in another case that would provide guidance, and where case presents issues of potentially great legal and social significance).

The charge of § 1512(c) is the most serious charge in this case, by a large margin, and will therefore be central to a trial of the charges that Michael Pope did not already resolve by guilty plea on the same day the Supreme Court granted certiorari in *Fischer*. Defending the charge places a greater burden on the defendant, who must choose whether to testify in his own defense on the remaining charges, and is exposed to much broader cross-examination with the § 1512(c) count at issue. The charge could make relevant more evidence against Michael Pope. Thus, the need to prepare for this particular charge, versus a narrower set of charges, also weighs on defense team preparation time in this court-appointed case. The additional charge of § 1512(c) therefore also places a burden on the finder of fact to maintain a strict separation of evidence relevant only to that charge from bleeding into the consideration of other charges, especially the other felony charge of obstructing a law enforcement officer under 18 U.S.C. § 231. All of these entanglements between the charges would complicate any appeal and place a burden on the courts above. The

additional evidence would extend the length of trial. Finally, Michael Pope should not be potentially subjected to the extra ignominy of a conviction for obstructing Congress that is, predictably, declared not a crime at all.

Beyond the courtroom, the Court should consider the potential cost in credibility of the court system in a high-profile group of cases where trials of this charge proceed despite the possibility – ever more likely now that certiorari was granted – that a conviction would be overturned.[1]

Michael Pope is released on bond and complying with his release conditions.

The interests of fairness and judicial economy weigh now in favor of the short stay of at most 6 months requested here.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Mr. Pope respectfully requests that the Court stay his case pending the Supreme Court's resolution of *Fischer*. Dated this 19th day of December 2023.

>Respectfully submitted,
>
>/s/ Bruce H. Searby_____
>
>Bruce H. Searby, DC Bar No. 1012382
>SEARBY PLLC
>2000 P Street, NW, Suite 705
>Washington, D.C. 20036
>Tel: (202) 750-6106
>Fax:  202-849-2122
>bsearby@searby.law

---

[1] Chief Judge Howell has reportedly set a trial date after the end of the Supreme Court term in the wake of the *Fischer* grant of certiorari, as has Judge Nichols in a new case.  Judge Nichols informally stayed district court proceedings in *Fischer*.

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, true and genuine copies MOTION TO STAY CASE PENDING DECISION OF THE U.S. SUPREME COURT ON 18 U.S.C. § 1512(c) IN *UNITED STATES v. FISCHER* were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

    Respectfully submitted,

    /s/ Bruce H. Searby_____
    Bruce H. Searby, DC Bar No. 1012382
    SEARBY PLLC
    2000 P Street, NW, Suite 705
    Washington, D.C. 20036
    Fax:  202-849-2122
    bsearby@searby.law