IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                            )<br>        Plaintiff,                              )<br>                                                            )<br>vs.                                                     )<br>                                                            )<br>MICHAEL POPE,                             )<br>                                                            )<br>        Defendant.                          ) | Criminal No.: 21-cr-128 (RC) |

**REPLY BY MICHAEL POPE IN SUPPORT OF MOTION TO STAY CASE PENDING DECISION OF THE U.S. SUPREME COURT ON 18 U.S.C. § 1512(c) IN *UNITED STATES v. FISCHER***

Defendant Michael Pope, by and through his undersigned court-appointed counsel, hereby respectfully files this Reply to the Government's Opposition To Defendant's Motion To Stay Or Continue Trial ("Gov. Opp.," ECF No. 177), which opposed Michael Pope's motion requesting the Court to stay proceedings in this matter ("Mtn. to Stay," ECF No. 164), made six days after the Supreme Court granted *certiorari* in *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

**I.    INTRODUCTION**

In opposing a stay pending what will be perhaps the most consequential single moment in this entire litigation, one that will affect several hundred current January 6th defendants, the Government ducks a key point that this one defendant, Michael Pope, has made about the harm to *his* own overall defense.  Not previously raised in

any other post- *Fischer* stay motion (to the knowledge of undersigned counsel), the point is that standing trial on the charge under Section 1512(c)(2) harms Michael Pope's defense on other charges at trial, for instance by constraining him in choosing whether or not to testify in his own defense. Exercising his Fifth Amendment trial right against self-incrimination may be in his best interest on the remaining charges, as may be waiving that right and testifying. The Government should not be able to have Michael Pope on the horns of a dilemma with its novel and increasingly doubtful application of Section 1512(c) to the electoral vote count.

The Government's opposition brief ignores this impact on Michael Pope's trial right to testify *or not*, like the brief ignores the other similar harms to defense preparations. This point acts as a fulcrum upon which the analysis for a stay turns. Michael Pope's predicament creates the irreparable harm factor for a stay. It explains why the other charges against Michael Pope besides Section 1512(c) are not a reason why trial should proceed now, but rather another reason why it *should not*. It also explains why Michael Pope would have a *slightly less speedy* trial in exchange for a *fairer* trial without the Section 1512(c) charge.

The Court does not have to decide now the Government's deflecting argument that would undo the severance of Michael Pope's trial from his brother's. The Court granted severance for multiple independent reasons, not only so that Michael Pope's trial could proceed sooner. Procedurally, the Government is free to move for that relief if and when this Court grants a stay, and if the U.S. Supreme Court takes as long to decide the *Fischer* appeal as the Government forecasts. Until such time,

Michael Pope reserves his right to argue in opposition to such an undoing of his separate bench trial, to which the Government already gave its consent.

For these reasons, detailed further below, the Court should reject the Government's arguments and grant the stay of proceedings in this case.

## II. THE GOVERNMENT ARGUES THE BALANCE OF HARMS IN STAYING THE CASE FAVORS IT, BUT WITHOUT MEETING MICHAEL POPE'S KEY ARGUMENT ON THIS FACTOR

In opposing a stay, the Government suggests that *it* -- not Michael Pope -- will suffer the irreparable harm, from pausing its trial preparations with witnesses in his case (Gov. Opp., at 11). This claim of irreparable harm comes despite Michael Pope's guilty pleas to two crimes already, and the convictions of hundreds of other January 6th defendants. Ultimately, however, the Government makes no attempt to dispute the defense's contention that the charge under Section 1512(c) will compromise fundamental trial rights of Michael Pope's.  While maintaining his other arguments raised in the moving papers, such as the injury of conviction under an invalidated felony statute, Michael Pope focuses this reply on his completely un-countered points.

The felony charges against Michael Pope hinge on his specific intent to break the law.  Testifying in his own defense brings the opportunity of acquittal as well as the risks of cross-examination after waving his right against self-incrimination. This choice is far more complex and perilous with the § 1512(c) count still at issue, in addition to the other felony charge of obstructing a law enforcement officer under 18 U.S.C. § 231.

Among the Government's several pages of background including unsourced, rhetorically-loaded alleged facts[1] the Government asserts that Michael Pope came to Washington, D.C. to "stop" the Congress's certification of the Electoral College vote. (Gov. Opp., at 3.) The Government is vague as to whether it thereby alleges that Michael Pope wanted to *forcibly* stop the electoral vote count proceeding from even reaching a vote by Congress (as the Government has certainly charged some other January 6th defendants with doing). Or perhaps the Government theorizes here that it would be violate 18 U.S.C. § 1512 simply to protest at the U.S. Capitol in hopes that House and Senate lawmakers would cast their votes in the proceeding against certification of the Electoral College results. Whichever the case, Michael Pope's testimony about *his* specific intent in being at the U.S. Capitol could lead to his acquittal under § 1512 but also could also lead to unintended consequences as to the felony charge of obstructing a law enforcement officer under 18 U.S.C. § 231. Conversely, his testimony in his own defense could be exculpatory as to § 231, while being perilous to him under § 1512(c).

The small handful of other January 6th defendants who sought a stay of the case pending trial and were denied (Gov. Opp., at 7) may not have raised these same conundrums.

On December 15, 2023, two days after the grant of *certiorari* in *Fischer,* the Chief Judge of this District Court addressed the subject of a stay of proceedings at a

---

[1] The Government's factual recitation, while inflammatory in tone, appears almost entirely gratuitous and with little bearing upon its arguments in opposing a stay.

status conference in a January 6th case pending trial. Chief Judge Howell opined that a defense request for a stay was not "unreasonable." *See* CBS News, "Federal judge warns of Jan. 6 case backlog as Supreme Court weighs key obstruction statute" (December 15, 2023) *available at* https://www.cbsnews.com/news/supreme-court-january-6-case-obstruction-federal-judge/). Moreover, Chief Judge Howell indicated openness to setting a post-June 2024 trial date in that matter, according to defense counsel present.[2]

      The Government, while stating that its evidence overlaps for the different counts in its case, does not dispute the assertion in Michael Pope's moving papers that the § 1512(c) charge would also make relevant *more* evidence against Michael Pope. Thus, it is also now undisputed in this motion for a stay that the need to prepare for this particular charge, versus a narrower set of charges, also weighs on defense team preparation time in this court-appointed case. It undisputedly burdens Michael Pope's defense strategy and exercise of constitutional trial rights in defending especially the other felony charge of obstructing a law enforcement officer under 18 U.S.C. § 231. Furthermore, there is no dispute that this conjunction of allegations would burden the Court in separating out evidence relevant only to that § 1512(c) charge to keep it from bleeding into its consideration of other charges, and complicate any appeal thus placing another burden on the courts above. Waiting to see how the Supreme Court decides *Fischer* will thus serve judicial economy in clarifying whether

---

[2] *United States v. Mangia*, Case No. 23-cr-288 (BAH).

the obstruction of Congress theory is valid, and if so, what proof is appropriate to offer for it.

### III. THE GOVERNMENT'S CLAIM THAT ITS PROSECUTION THEORY IS NOT IMPERILLED BY GRANT OF *CERTIORARI* IN *UNITED STATES v. FISCHER* BATTLES COMMON SENSE

The Government also opposes Michael Pope's motion for a stay on the basis that the grant of *certiorari* does not mean that its prosecution theory under 18 U.S.C. § 1512(c) is necessarily invalid. This much is stating the obvious. However, when the Government goes on and touts its near-unanimous set if victories among district judges of this Court in litigating its § 1512(c) theory as a basis for confidence that it will not lose in the U.S. Supreme Court, a sense of reality is amiss. It is difficult imagining the highest court entertaining argument against this near-unanimous judicial consensus in this historic case unless there is, indeed, a serious chance of reversal.

The Government cannot and does not sow doubt that this Court can consider as a reason for a stay the existence, post-*certiorari* grant, of *at least* a fair prospect of the Supreme Court throwing out the Government's flagship theory in this case. Nor does the Government question the precedent by which the Supreme Court has shown its willingness to use its own power to issue stays in similar extraordinary circumstances. *See Heckler v. Blankenship,* 465 U.S. 1301, 1302 (1984) (J. O'Connor) (stay of district court was warranted where Supreme Court had already granted *certiorari* in another case that would provide guidance, and where case presented issues of potentially great legal and social significance). From staying Michael Pope's

case in this historic litigation, it does not follow that "every criminal case" with some appeal ongoing (Gov. Opp., at 9) would also need to be stayed.

The Government claims confidence that even a reversal in *Fischer* would not impact its case against Michael Pope. Citing a concurring circuit judge in *Fischer*, the Government suggests that a conviction could still follow. (Gov. Opp., at 8.) However, the Government does not explain how Michael Pope's dramatically different conduct is on par with the defendant's there, which included that [the defendant] appeared "on the floor of the Senate where the proceedings [w]ould have been occurring. . . ." (*Id.*)

### IV. THE GOVERNMENT INCORRECTLY HOLDS AGAINST MICHAEL POPE THAT, PRE-*CERTIORARI* IN *FISCHER*, HE SOUGHT SEVERANCE FROM HIS CO-DEFENDANT FOR A SPEEDY TRIAL

The Government´s Opposition pounces on Michael Pope for not still insisting now that his trial proceed months before his brother William Pope's trial, suggesting that this motion for a stay "runs against the logic that led this court to sever his case from William Pope." (Gov. Opp., at 11-12.) The Government suggests this supposed contradiction undermines the case for a stay, or that if a stay is granted, the trials of Michael and William Pop should be "rejoined." There are at least three problems with this argument, which the Court should cast aside, at least for now.

First, there is no contradiction between Michael Pope's positions then and now. Circumstances patently changed with the December 13th grant of *certiorari*, which elevated the likelihood of Michael Pope's success against the Section 1512(c) charge

as a matter of law, realizing the harms from proceeding to trial described in the moving papers. The Government´s "either/or" view -- either Michael Pope wants a speedy trial, or he wants a stay– does not reflect the strategic choices defendants have to make. This is a "both/and" situation, where Michael Pope both wants a speedy trial and wants a fair trial in which his factual defense against other charges, especially the Section 231 count, is focused and undistorted by choices to defend against the legally vulnerable Section 1512(c) count. His choice now, post-*Fischer* grant of *certiorari,* is for speediness of trial to give way in some measure for the sake of fairness.

Second, there was another reason given by this Court for severance apart from Michael Pope's desire for a speedier trial than his brother's. As the Government had to admit, the Court ruled that Michael Pope's defense should not be prejudiced before a jury by his brother's *pro se* defense. Then there is the additional risk, argued by Michael Pope but neither adopted nor rejected by this Court in severing the trials, of spillover prejudice from evidence admitted only against William Pope.

Third, procedurally, the Government has failed to cite and argue any standard for "rejoinder," and has not brought a properly noticed motion for any such relief. Michael Pope reserves his arguments in the event the Government ever does bring such a rejoinder motion. This Court should consider only the merits of the pending stay motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, and those set forth in his moving papers, Mr. Pope respectfully requests that the Court stay his case pending the Supreme Court's resolution of *Fischer*.

Dated this 4th day of January 2024.

        Respectfully submitted,

        /s/ Bruce H. Searby_____

        Bruce H. Searby, DC Bar No. 1012382
        SEARBY PLLC
        2000 P Street, NW, Suite 705
        Washington, D.C. 20036
        Tel: (202) 750-6106
        Fax: 202-849-2122
        bsearby@searby.law

        COUNSEL FOR DEFENDANT
        MICHAEL POPE

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2024, true and genuine copies of REPLY BY MICHAEL POPE IN SUPPORT OF MOTION TO STAY CASE PENDING DECISION OF THE U.S. SUPREME COURT ON 18 U.S.C. § 1512(c) IN <u>*UNITED STATES v. FISCHER*</u> were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

        Respectfully submitted,

        /s/ Bruce H. Searby_____
        Bruce H. Searby, DC Bar No. 1012382
        SEARBY PLLC
        2000 P Street, NW, Suite 705
        Washington, D.C. 20036
        Fax: 202-849-2122
        bsearby@searby.law