IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No.: 21-cr-128 (RC) |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL POPE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PARTIAL OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER EVIDENCE AND ARGUMENTS ABOUT LAW ENFORCEMENT**

Defendant, Michael Pope, through counsel, submits this partial opposition to the Government's motion in limine to preclude improper evidence and arguments about law enforcement (ECF No. 167), and in support thereof states the following:

1. As to the first request for preclusion, against the defense arguing any entrapment by estoppel defense related to law enforcement, Michael Pope does not oppose this part of the motion – at least insofar as he understands it. Michael Pope has already pleaded guilty to two offenses in this case requiring him to admit as a factual basis that his presence in the U.S. Capitol was unauthorized and unlawful, and that he knew so. (ECF No. 159.) He accepts the responsibility, not pointing to anything President Trump or any law enforcement officer said or did to claim that he was present with legal authorization.

2. However, as to the second request for preclusion of the defense from "offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds *or his conduct therein* lawful" (ECF No. 167, at 3) (emphasis added), the request as to the part italicized above is phrased ambiguously enough that Michael Pope must oppose. Relief phrased this way is problematic where the Government has the burden of proof beyond a reasonable doubt to prove Michael Pope's intent to commit the felonies of obstructing an official proceeding under 18 U.S.C. § 1512(c) and obstructing a law enforcement officer under 18 U.S.C. § 231. Nothing in the cases cited by the Government absolves the Government of carrying this burden. Nothing requires this Court as the finder of fact to ignore a defendant's interplay with officers that casts doubt on whether he possessed the requisite specific intent (to obstruct Congress's vote or to obstruct officers in the performance of his or her duties). Rather, the cases seem to suggest that inaction by law enforcement cannot be used as an affirmative defense for conduct already determined to be *prima facie* unlawful. *See, e.g.*, Memorandum and Order, *United States v. Mels*, No. 21-cr-184 (BAH), at (D.D.C. July 21, 2022). Beyond the barring of any affirmative defense based on law enforcement inaction, therefore, the Government's requested relief is overbroad and would exclude evidence

    that is clearly probative and "of consequence" in this case. See Fed. R. Evid. 401.

3. In the third request for preclusion, the Government seeks to keep out evidence about law enforcement conduct unless Michael Pope specifically observed or was otherwise aware of such conduct. Here, at least, the Government seems resigned to acknowledging the defense's right to contest the issue of intent through officer conduct. The defense notes that it has sought equivalent relief in its motion <u>in limine</u> precluding the Government from proving its case with conduct of his brother William Pope where the Government cannot show he observed or was aware of. (ECF No. 173, at p. 13.) So long as *what is sauce for the goose is sauce for the gander*, Michael Pope would not oppose the Government's request.[1]

Should the Court have any doubt about the contours of these related evidentiary issues, its rulings might best be "deferred until trial '[when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole.'" *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 175 (D.D.C. 2015) (citation omitted). The parties' anticipated objections to the introduction of evidence based upon the conduct of others are far better addressed in the factual context of the trial rather than in an

---

[1] Michael Pope is well aware of the evidence that his brother William Pope has uncovered of police officers in plain clothes egging on protestors. These particular policemen's words and actions, which were overall far worse than Michael Pope's conduct, may demonstrate that Michael Pope is overcharged, and they should even be taken into account in his eventual sentence. Still, Michael Pope does not claim that he was incited by these officers' actions on January 6th.

ad hoc advisory opinion as to hypothetical circumstances at trial. *See* 21 Wright & Miller, Fed. Prac. & Proc. Evid. § 5037.10 (2d ed. 2022) (discouraging parties from filing omnibus motions in limine seeking anticipatory rulings as to large numbers of hypothetical issues that may never arise at trial). Such a ruling would be consistent with this Court's order on nearly identical motions in limine by the Government.[2]

For the foregoing reasons, Michael Pope only opposes the second request for preclusion of the defense from "offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendant's entry in the U.S. Capitol buildings or grounds or his conduct therein lawful." As to the third request for preclusion, Michael Pope would not object to the government's request, but asks that in fairness his own, similar relief be granted, sought in his motion in limine precluding the government from proving its case with his brother's conduct unobserved by Michael Pope.

This 5th day of January, 2024,           Respectfully submitted,

/s/ Bruce H. Searby
Bruce Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Tel.: 202-750-6106
Fax:  202-849-2122
bsearby@searby.law

---

[2] *See, e.g.*, *United States v. Marc Bru*, 1:21-cr-00352, Order on Gov. Mot. In Limine (ECF 65) (JEB) (upon consideration of an unopposed motion, denying government's request to preclude *pro se* defendant from arguing various defenses as premature (i.e., law enforcement inaction, defense of others, and prior good acts/culpability relevant to others on Jan. 6) and moot (i.e., jury nullification).

COUNSEL FOR DEFENDANT
MICHAEL POPE

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2024, true and genuine copies of DEFENDANT'S PARTIAL OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE IMPROPER EVIDENCE AND ARGUMENTS ABOUT LAW ENFORCEMENT were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

Respectfully submitted,

/s/ Bruce H. Searby
Bruce H. Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Tel.: 202-750-6106
Fax: 202-849-2122
bsearby@searby.law