**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

United States of America,   ) Criminal Action
                           ) No. 1:21-cr-00128-RC
            Plaintiff,     )
                           )
vs.                        ) **Status Conference** (via Zoom)
                           )
William Pope and Michael Pope, ) Washington, D.C.
                           ) **September 15, 2023**
            Defendants.    ) Time:  11:00 a.m.
_____

**Transcript of Status Conference** (via Zoom)
**Held Before**
**The Honorable Rudolph Contreras** (in courtroom)
**United States District Judge**
_____

A P P E A R A N C E S

For the Government:    **Kelly E. Moran**
(via Zoom)             UNITED STATES ATTORNEY'S OFFICE
                       FOR THE DISTRICT OF COLUMBIA
                       601 D Street, Northwest
                       Washington, D.C. 20579

Defendant (via Zoom):  **William Pope,** pro se

For the Defendant William Pope as Standby Counsel:
(via Zoom)             **Nicole A. Cubbage**
                       LAW OFFICE OF NICOLE CUBBAGE
                       712 H Street, Northeast, Unit 570
                       Washington, D.C. 20002

For the Defendant Michael Pope:
(in courtroom)         **Bruce H. Searby**
                       SEARBY PLLC
                       2000 P Street, Northwest, Suite 750
                       Washington, D.C. 20036
_____

Stenographic Official Court Reporter:
(in courtroom)         Nancy J. Meyer
                       Registered Diplomate Reporter
                       Certified Realtime Reporter
                       333 Constitution Avenue, Northwest
                       Washington, D.C. 20001
                       202-354-3118

1              P R O C E E D I N G S

2              (REPORTER'S NOTE:  This hearing is subject to the
limitations of technology associated with the use of

3    technology, including but not limited to telephone and video
signal interference, static, signal interruptions, and other

4    restrictions and limitations associated with remote court
reporting via telephone, speakerphone, and/or

5    videoconferencing.)

6              THE COURTROOM DEPUTY:  This is Criminal Action

7    21-128, United States v. William Pope and United States v.

8    Michael Pope.

9              Counsel, please step forward to the podium, and counsel

10   on Zoom, please -- you can step right here.

11             MR. SEARBY:  Okay.

12             THE COURTROOM DEPUTY:  Yes, please.

13             Please state your appearance for the record.

14             MR. SEARBY:  Good morning, Your Honor.  Bruce Searby

15   for Defendant Michael Pope.  And with me at counsel table is

16   Nicole Ledesma, law clerk, pending bar admission.

17             THE COURT:  Good morning.

18             MS. MORAN:  Good morning, everyone.  Kelly Moran on

19   behalf of the United States.

20             THE COURTROOM DEPUTY:  Sorry, Ms. Moran.  We didn't

21   hear you.  Sorry about that.

22             MS. MORAN:  Can you hear me now?

23             THE COURTROOM DEPUTY:  Yes.

24             MS. MORAN:  Great.  Good morning, everyone.

25   Kelly Moran on behalf of the United States.

3

```
 1              DEFENDANT WILLIAM POPE:  Good morning, Your Honor.
 2         William Pope on behalf of myself.
 3              MS. CUBBAGE:  Good morning, Your Honor.  Nicole
 4    Cubbage on behalf of Mr. Pope as standby counsel.
 5              THE COURT:  Good morning.
 6         And good morning, Mr. Michael Pope.
 7         All right.  Mr. William Pope, I gather that you filed
 8    something last night.  I haven't had a chance to look at that
 9    yet.
10         So let's start with Mr. Searby with respect to the
11    motion to sever.  If the matter was severed and I -- it's just
12    come to my attention that a couple of my colleagues have
13    severed defendants from cases, in part, based on the
14    co-defendant being pro se; so I need to take a look at those.
15    I haven't had the chance to do that.
16         But if I were to sever Michael Pope from William Pope,
17    what is your time frame vision of when we could get this to
18    trial?
19              MR. SEARBY:  Your Honor, we would seek a trial in the
20    week of early December, December 11th.  And that would be, as I
21    understand it, several months -- at a minimum, several months
22    prior to any -- the trial of William Pope.  So that's when we
23    would be both -- we would be ready, and I understand it would
24    be acceptable to government counsel.
25              THE COURT:  So, Ms. Moran, you would be able to do
```

1    the 11th, if that's what happens?

2          MS. MORAN:  Your Honor, I have a full-week training

3    out of the office the first week of December.  So I discussed

4    with Mr. Searby that I would look at my calendar.  It would

5    be the government's preference instead to do the second week

6    of January, if that is acceptable to the defense and to the

7    Court.

8          If that is -- if that does not work, I can perhaps do --

9    instead of the second week of December, the third week of

10   December.  So that would be the week beginning the 18th of

11   December, realizing that that cuts close to the holidays.

12         THE COURT:  Yeah, it certainly does.

13         Mr. Searby, I gather that, from what you wrote, you

14   think the trial would be relatively short.

15         MR. SEARBY:  Absolutely, Your Honor.  Absolutely.

16   And there's the potential for it being even shorter than I

17   predicted because government counsel has proposed something

18   that I need to look into more with her, which is a stipulated

19   trial.  But I think that a bench trial, such as I proposed,

20   especially with the number of stipulations that we would be

21   glad to enter into as the facts, would take very little time,

22   Your Honor.  Could take a day or two.

23         THE COURT:  All right.  And, Ms. Moran, the problem

24   with the week of the 11th is what that you have that training

25   the week before?

1          MS. MORAN:  Your Honor, the training is taught by the

2     FBI, and I don't know what access, if any, I will have to my --

3     my computer and my email.  I just want to ensure -- because

4     Mr. Searby has indicated that although a stipulated trial is

5     possible, it may be the type of stipulated trial where some

6     evidence and some witness testimony is going to be introduced.

7     So I just wouldn't want to put the Court in a position where

8     there's a coordination of witnesses perhaps.

9          The 13th of December, that midweek, would allow me

10    two days to ensure that everything is squared away with

11    witnesses, and we can likely finish that same week if we

12    started on the 13th, if that is acceptable to the Court.

13         THE COURT:  Okay.  So why don't you guys do that.

14    Why don't you pencil in the 13th to start.

15         A bench trial is what you said, Mr. Searby?

16         MR. SEARBY:  Yes, Your Honor.

17         THE COURT:  And, Ms. Moran, do you have any

18    opposition to a bench trial?

19         MS. MORAN:  No, Your Honor.  And Mr. Searby and I

20    have also discussed the stipulated trial.  So to the extent

21    that we have any updates on that front once Mr. Searby has

22    learned more about the stipulated trial process, we will let

23    the Court know.

24         THE COURT:  Okay.

25         MR. SEARBY:  Your Honor, I would say it's more about

1    understanding what we would be asked to stipulate to.  That's

2    the -- that goes into the details on that.

3                THE COURT:  Obviously, even if that's a bench trial,

4    that's fine.

5         All right.  So let me look into these other cases on

6    this issue of the severance, and I need to give it a little

7    bit more thought.  But if -- if I do end up severing, we'll

8    go to trial on the 13th, and we'll have to have a colloquy

9    with Mr. Michael Pope about waiving his right to a jury trial.

10   So stay tuned on that.

11        All right.  Mr. William Pope, when did you envision

12   going to trial?

13                DEFENDANT WILLIAM POPE:  Your Honor, I still have

14   several pending motions to compel production of discovery, and

15   until I have an opportunity to review the evidence I'm seeking

16   to compel, I can't plan to do a trial.

17             For instance, Your Honor recalls that the government

18   filed Filing No. 104, promising to give me a hard drive with

19   all materials that I'm allowed to possess, and then they tried

20   to back out of that.  And so between our last status hearing

21   and today, I filed a motion to compel them to produce what they

22   promised to the Court that they would produce.  And so that's

23   pending before the Court.

24        I also have ECF No. 139, which I filed to compel the

25   government to produce body-cam recordings that they're

1    withholding and recordings from undercover police that they're

2    withholding.

3          And last night, the filing that I did, which was by the

4    deadline to respond to the government's opposition, that --

5    that filing pointed out relevance to my case and pointed out

6    that the government is, indeed, withholding body-cam recordings

7    that are relevant to my case.  So these issues need resolve.

8          I also have Filing No. 112 and 113 that are still

9    pending, which would allow me to access discovery that would be

10   needed to defend myself in court.

11         So there's several discovery issues that need resolve

12   before I can think about going to trial.

13            THE COURT:  All right.  I understand your position.

14   I have to say, I've read through all those papers.  I'm not

15   particularly moved.  I don't -- I tend to agree with the

16   government that you didn't do a particularly good job of tying

17   the relevance of these materials.  I don't think you get things

18   just because you're curious about them or interested in the

19   greater issues of the day.

20         But I need to think about it some more, and I will

21   direct my attention more focusedly to all the outstanding

22   papers that you have.

23         But I do want to set a trial date today, giving you

24   plenty of time to look at all those things.  So my -- as you

25   might imagine, my calendar is incredibly complicated.  So we're

1      looking at next summer.

2          But I think you need to focus your attention somewhat on

3      your case and not the bigger issues of January 6th.

4          DEFENDANT WILLIAM POPE:  Well, I have been focusing.

5      Your Honor, as my motion last -- or the filing that I filed

6      last night shows that these issues are connected to my case.

7      And I know you haven't had an opportunity to review that.  But

8      this evidence is going to be key to my -- my defense, and I

9      intend to present it in trial.

10         THE COURT:  All right.

11         DEFENDANT WILLIAM POPE:  If you're looking --

12         THE COURT:  I'll take a look at that.  Hopefully,

13     it's -- provides me with more information than what you filed

14     prior to that.

15         So, Tanya, after the last trial we have -- we just

16     scheduled in July, leaving a week's break between, what are we

17     looking at?

18         THE COURTROOM DEPUTY:  July 22nd, Judge.

19         THE COURT:  How does July 22nd look to the parties?

20     Ms. Cubbage?

21         MS. CUBBAGE:  I believe that's fine.  I'm just going

22     to check my calendar on my phone real fast.

23         THE COURT:  Okay.

24         MR. SEARBY:  Your Honor, if I can just interject

25     here.  I just -- I want to point out in favor of the motion for

1    severance that is under consideration by the Court, that then

2    we would be talking about a -- an additional, looks like, seven

3    or eight months between the trial date that Your Honor is

4    considering for the bench trial and this trial.

5           THE COURT:  No, I'm painfully aware of that.

6           MR. SEARBY:  Thank you, Your Honor.

7           MS. CUBBAGE:  July 22nd works for -- for me.

8           THE COURT:  And Ms. Moran?

9           MS. MORAN:  That's fine for the government,

10   Your Honor.

11       I would just note for Your Honor that that is within

12   six weeks of my estimated departure from this detail.  So I --

13   that shouldn't be an issue.  There will be continuity of

14   counsel, but I wanted to flag that for Your Honor in case there

15   are any delays.

16          THE COURT:  It's six weeks before or six weeks after?

17   I didn't catch that.

18          MS. MORAN:  Sorry.  Six weeks before.

19          THE COURT:  Okay.

20          MS. MORAN:  I'm set to leave at the beginning of

21   September.

22          THE COURT:  Okay.  Mr. William Pope, how does that

23   date look for you?

24          DEFENDANT WILLIAM POPE:  Well, again, Your Honor, my

25   position is I still have a lot of discovery to review, I need

1    to do.  I don't have access to 5.8 million files in discovery.

2    In addition, I understand there's many, many pretrial filings

3    that are going to have to be done, and I have to do research on

4    how to do those, so.

5                THE COURT:  Well, but we're talking about -- we're

6    talking about July of 2024.  So that gives you plenty of time.

7    I don't think you're going to need to read all the 5 million

8    documents.  But, you know, if you want to stop sleeping between

9    now and then, that's up to you.

10           So what -- do you have a conflict with that date?

11                DEFENDANT WILLIAM POPE:  Not currently, Your Honor.

12                THE COURT:  Okay.  How --

13                DEFENDANT WILLIAM POPE:  If you would --

14                THE COURT:  How long do you envision that trial

15   going?  Two weeks?

16                DEFENDANT WILLIAM POPE:  Potentially, sir, yeah.

17                THE COURT:  Okay.

18                MS. MORAN:  That's what I would imagine, Your Honor.

19                THE COURT:  Okay.  So we'll block off two weeks

20   starting July 22nd.

21           Is that what you said, Tanya?

22                THE COURTROOM DEPUTY:  Yes, Judge.

23                THE COURT:  Okay.  We'll block off two weeks starting

24   July 22nd, just to start focusing everybody on an endgame.

25           All right.  With respect to Ms. Moran's request about

1    the disclosure of the sensitive information, Mr. William Pope,

2    I'm -- I think a lot of what you argue in your papers is just

3    playing games and semantics.  I need you to not file -- I'm not

4    going to take any action now, but I need you to not file any

5    sensitive information on the public record.

6         You can file whatever you need to under seal.  You've

7    shown that you are able to do that.  Or you can come to me and

8    ask me to change the designation on something, but you are not

9    to file or quote anything on the record.

10        Have I made myself clear?

11        DEFENDANT WILLIAM POPE:  Yes, Your Honor.

12        THE COURT:  Okay.  And there will be consequences

13   down the road if this continues to happen.

14        Anything else we need to resolve today?

15        MS. MORAN:  Nothing from the government, Your Honor.

16        THE COURT:  Mr. Michael Pope, Mr. --

17        MR. SEARBY:  No, Your Honor.

18        THE COURT:  Mr. William Pope, Ms. Cubbage?

19        MS. CUBBAGE:  No, Your Honor.

20        THE COURT:  Mr. William Pope?

21        DEFENDANT WILLIAM POPE:  I would just reiterate my

22   request to have some clarity on the motions that I have

23   pending.

24        THE COURT:  I will -- as I indicated, I will start to

25   focus on those as we now have a more targeted date to shoot

1    for.

2         All right.

3              DEFENDANT WILLIAM POPE:  Yes.  Okay.

4              THE COURT:  All right.  Thank you.

5         You're excused.  Have a good weekend.

6              (Proceedings were concluded at 11:17 a.m.)

7

8              (REPORTER'S NOTE:  Proceedings recorded by mechanical

9    stenography.  Transcript produced by computer-aided

10   transcription.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          CERTIFICATE OF STENOGRAPHIC OFFICIAL COURT REPORTER

2

3          I, Nancy J. Meyer, Registered Diplomate Reporter,

4    Certified Realtime Reporter, do hereby certify that the above

5    and foregoing constitutes a true and accurate transcript of my

6    stenograph notes and is a full, true, and complete transcript

7    of the proceedings to the best of my ability.

8

9                    Dated this 20th day of December, 2023.

10

11               /s/ Nancy J. Meyer
                 Nancy J. Meyer
12               Official Court Reporter
                 Registered Diplomate Reporter
13               Certified Realtime Reporter
                 333 Constitution Avenue Northwest
14               Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25