IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | Criminal No.: 21-cr-128 (RC) |
| vs. | ) ) ) ) | |
| MICHAEL POPE, | ) ) | |
| Defendant. | ) | |

**TRIAL MEMORANDUM OF LAW ON THE FACTS COGNIZABLE AS OBSTRUCTION OF A LAW ENFORCEMENT OFFICER IN A CIVIL DISORDER AS CHARGED AGAINST MICHAEL POPE IN COUNT ONE**

Defendant Michael Pope, by and through the undersigned court-appointed counsel, hereby respectfully files this Trial Memorandum on the law applicable to Count One charging obstruction of a law enforcement officer in a civil disorder under 18 U.S.C. § 231(a)(3). This memorandum, unlike the previously denied motion to dismiss the same count, concerns the sufficiency of the evidence at trial.

## INTRODUCTION

This trial memorandum of law establishes: (1) the nature of acts cognizable as obstruction being the intended offensive use of physical force directed at an officer or officers; and (2) the need for the Government to prove a discrete, identifiable act fulfilling all elements of the offense under the plain language of the statute, versus the Government's legally-unsupported "course of conduct" theory.

## BACKGROUND

Count One of the Second Superseding Indictment, returned at the end of November 2023, charges the following:

> "On or about January 6, 2021, within the District of Columbia, MICHAEL POPE committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.
>
> (**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))"

Second Superseding Indictment. (ECF 156 at 1-2.).

Despite the wording of the charge, the Government has made clear that in presenting this charge "[a]s far as the actus reus, we do not believe we have to rely on any one act." Michael Pope's Motion to Dismiss Count One for Lack of Specificity, Exhibit B thereto, Correspondence B. Searby/J. Ontell, at 3. (ECF No. 169-2). Accordingly, it has presented, all under the umbrella of that single charge of violating § 231(a)(3), evidence of a series of acts taking place at different precise times and places, during roughly half an hour or so between arriving at bike rack barriers outside the Capitol and, after having gone in. The palette of options includes, as summed up in Michael Pope's motion to dismiss, his allegedly: (1) taking down a bike rack barrier; (2) being part of a group forcing entry into the Senate door on the east side of the Capitol; (3) standing by as his brother William jammed a door open; (4) refusing to comply with a request to leave an elevator; and

physical contact with a Capitol Police officer guarding a hallway past the elevator. (ECF 169, at 3-5.)  This is how the Government convinced the Grand Jury to indict Michael Pope of "an act," and how it proposes to proceed to trial.

Michael Pope lost his motion to dismiss Count One for lack of specificity (Minute Order, January 11, 2024), but the Court has yet to address his request for a special Verdict Form made in the Joint Pretrial Statement (ECF No. 171, at 3), so as to break down the charge into instances of allegedly obstructive conduct for the Court as finder of fact.

Meanwhile, the Government has filed as an Exhibit to the Joint Pretrial Statement its own statement of the elements of the offenses, including Count One under § 231(a)(3).  (ECF No. 171.2.) Michael Pope hereby argues that the elements in the Government's statement should be supplemented by the further statement herein of legal requirements for properly proving a charge under § 231(a)(3).

## LEGAL AUTHORITY

### I. OBSTRUCTION UNDER SECTION 231 REQUIRES EVIDENCE THE DEFENDANT INTENDED OFFENSIVE USE OF PHYSICAL FORCE, OR SIMILAR CONDUCT, TOWARDS OFFICERS

The sufficiency of the Government's evidence at trial for obstruction of an officer in a civil disorder under § 231(a)(3) is going to turn on the intertwined questions of intent and what kind of act Michael Pope intentionally committed.  As to the latter, the Government should have to prove the offensive use of physical force directed towards an officer or officers.

The issue of what intent is required to violate § 231(a)(3) appears not to have been addressed by the District of Columbia Circuit Court of Appeals. Other circuits

have squarely found that the offense requires a specific intent to interfere with or obstruct law enforcement. *See National Mobilization Committee to End War in Viet Nam v. Foran,* 411 F.2d 934, 938 (7th Cir. 1969); *U.S. v. Mechanic* 454 F.2d 849, 854 (8th Cir. 1971); *United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976). Although "[i]t is true that Section 231(a)(3) does not specifically refer to intent," Congress will not be presumed to have omitted a scienter requirement "where, as here, the crime is grounded on the common law." *Nat'l Mobilization Committee*, 411 F.2d at 937. Courts in this district have reached the same conclusion about mens rea in multiple cases concerning the January 6, 2021 civil disorder. *See United States v. McHugh*, 538 F.Supp.3d 1, 25 (D. D.C. 2022); *United States v. Williams*, 2022 WL 2237301 (D. DC 2022); *United States v. Gossjankowski*, 2023 WL 130817 (D. D.C. 2023); *United States v. Bingert,* 605 F.Supp.3d 111, 128-129 (D. D.C. 2022); *United States v. Fischer*, 2022 WL 782413 (D. D.C. 2022).

The District of Columbia Circuit Court of Appeals has not addressed the issue of what constitutes an "act to obstruct, impede, or interfere" with law enforcement under this statute. It appears that the only Circuit to have interpreted that provision of Section 231(a)(3) is the Eighth Circuit. *See Mechanic,* 454 F.2d at 852. The Eighth Circuit noted the statute requires more than mere presence at a civil disorder and therefore applies only to a further act committed during the course of the event. *Id.* at 853. And in similar fashion to the courts that have ruled on the mens rea issue, the Eighth Circuit was mindful of the constitutional issues that arise when an actus reus requirement is interpreted too broadly. *Mechanic*

held that Section 231(a)(3) does not apply to speech, but only covers "violent physical acts." *Id.* at 852. Some district courts have disagreed with the holding in *Mechanic*, including judges within this district. *See McHugh,* 583 F.Supp.3d at 28-29; *Mostofsky,* 579 F.Supp.3d at 23-24; *United States v. Nordean,* 579 F.Supp.3d 28, 58 (D. D.C. 2021); *United States v. Phomma*, 561 F.Supp.3d 1059, 1068 (D. Oregon 2021); *United States v. Wood*, 2021 WL 3048448 (D. Delaware 2021). There are important reasons, however, that the Court should agree with the Eighth Circuit in *Mechanic* and find that violent conduct is necessary to violate Section 231(a)(3) in this case.

When Section 231(a)(3) has been charged in relation to January 6th defendants, the allegations are most typically for violent acts. For instance, in *Mostofsky,* the defendant filed a list of over 60 January 6th defendants who were charged with violations of Section 231(a)(3) and that all appear to involve violent conduct, which that court noted. 579 F.Supp.3d at 24 (referring to ECF no. 47-1). Finally, as Judge Jackson noted in *United States v. Williams*, "[t]here are standard jury instructions on obstructing officers that have long since been approved by the Court of Appeals." 2022 WL 2237301 fn. 3 (citing Instruction No. 6.101, Obstructing Justice, Criminal Jury Instructions for the District of Columbia (16th ed.)). Jury Instruction No. 6.101 describes multiple offenses related to the general theme of obstruction of justice and they all involve some variation of physical harm or threats of harm (violence, threatening letter or communication etc). See Instruction No. 6.101, Obstructing Justice, Criminal Jury Instructions for the District of Columbia

(16th ed.). These factors imply that a defendant would have to have been engaged in some sort of violent contact with law enforcement to be convicted of this offense.

Even the Government in another January 6th case recognized that there are some appropriate limits to interpretation of Section 231(a)(3) to the U.S. Capitol case, against overbroad applications to defendants who "merely trespassed" and should be charged with lesser offenses:

> The Court suggested that if the defendants were found guilty here, all January 6 defendants would be guilty of civil disorder. Not so. Defendants who merely trespassed over the restricted perimeter or entered the Capitol did not necessarily obstruct, impede, or interfere with law enforcement, and have appropriately been charged with lesser offenses. To interpret the civil disorder statute more broadly could, in its extreme, raise constitutional concerns of vagueness, and as such, the government has not charged lesser defendants with this crime.

Government's Opposition to Rule 29 Motion in *United States v. Mlynarek*, Case No. 23-cr-00114-ACR, ECF No. 51 ("Mlynarek Gov. Opp. Br."), at 13.

Accordingly, as the Government itself summarized in the *Mlynarek* case, the majority of cases it collected applying this statute to January 6th conduct have involved physical force against officers, *see e.g., United States v. Blair*, 1:21-CR-00186 (Cooper, J.) (defendant pushing a lacrosse stick against a police officer's chest); *United States v. Griswold*, 1:21-CR-00459 (Cooper, J.) (defendant pushing his way past police trying to guard the Rotunda Doors); *United States v. Robertson*, 1:21-CR-00034 (Cooper, J.) (defendant confronting members of the Metropolitan Police Department with a large wooden stick); *United States v. Presley*, 1:21-CR-257 (Moss, J.) (defendant pulling on one of the officers' riot shields); *United states v.*

*Mostofsky*, 1:21-CR-00138 (Boasberg, J.) (defendant forcibly obstructing officers who were attempting to adjust barriers in the West Terrace).  Mlynarek Gov. Opp. Br., at 3 & n.1.  The defense is not in a position to characterize a small handful of January 6th cases that do not in the Government's own words convey violence or threat of violence to police officers. *See id.*

Michael Pope will await how the trial evidence comes in on the minor conduct the Government alleges, and if so, to see if the facts presented merit a constitutional vagueness as-applied challenge, but this intentional offensive physical force standard is one that this Court should be looking to apply.  This will be a difficult hurdle for the Government's allegations to surmount.

Therefore, the Court should supplement the elements of the offense as stated by the Government with requirement that it involve offensive physical force.

## II. THE COURT MUST FIND ALL ELEMENTS OF THE OFFENSE PRESENT IN ONE ACTUS REUS, AS THERE IS NO "COURSE OF CONDUCT" THEORY AVAILABLE UNDER SECTION 231

The Government has amalgamated all the various acts that it alleges Michael Pope did to obstruct law enforcement officers into a single count. Furthermore, the Government may want to avoid proving the elements of the offense as to any one act, calling this a "course of conduct" offense. The Court should reject this theory and require that each alleged instance of obstructive conduct meet all the elements, especially those key ones discussed in the preceding section.

First, the Government's characterization of the *actus reus* for Section 231(a)(3) in Count One as a "course of conduct" (ECF No. 184, at 10) is contrary to

the plain language of the statute, which prohibits "an act" against a specific officer or officers. *See* § 231(a)(3).  Undersigned counsel searched for, but could not find, any federal case law holding that obstruction under § 231(a)(3) could be analyzed as a "course of conduct," nor apparently could the Government.  Certainly, there is no authority for a case under § 231(a)(3) where the Government strings together different acts, no single one of which fulfills all the elements of the offense.  Obstruction under § 231(a)(3) is not an offense consisting of a scheme or a conspiracy, which by definition involve a series of acts with different means.  The offense under § 231(a)(3) is not even on par textually with obstruction of an official proceeding under 18 U.S.C. § 1512, which this Court has held is an offense that can be carried out by various means, seemingly spanning different places and times. *See United States v. Weeks*, 636 F.Supp.3d 117,122 (D.D.C., 2022)

      The Government stretches to escape its responsibility for proving that any of the discrete acts it offers violated § 231(a)(3), and to re-frame the offense as a "course of conduct," that it has taken to describing the offense as "disorderly conduct" (ECF No. 184, at 10), which it is not. Disorderly Conduct is a different offense than § 231(a)(3) and is also charged here in this case under two statutes as misdemeanors: Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2); and Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D).

      This need to prove that each alleged instance of "**an act** to obstruct, impede, and interfere with **a law enforcement officer**" meets all the elements of an

offense under § 231(a)(3) should be incorporated into the Verdict Form used by the Court.  Michael Pope will propose one.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court cannot convict Michael Pope of Count One without identifying, in a single act/instance, proof beyond reasonable doubt of all the elements of § 231(a)(3), and that act/instance must be one in the nature of offensive physical force.

Dated this 15th day of January 2024.

                                                Respectfully submitted,

                                                /s/ Bruce H. Searby_____

                                                Bruce H. Searby, DC Bar No. 1012382
                                                SEARBY PLLC
                                                2000 P Street, NW, Suite 705
                                                Washington, D.C. 20036
                                                Tel: (202) 750-6106
                                                Fax:  202-849-2122
                                                bsearby@searby.law

                                                COUNSEL FOR DEFENDANT
                                                MICHAEL POPE

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January, true and genuine copies of TRIAL MEMORANDUM OF LAW ON THE FACTS COGNIZABLE AS OBSTRUCTION OF A LAW ENFORCEMENT OFFICER IN A CIVIL DISORDER AS CHARGED AGAINST MICHAEL POPE IN COUNT ONE were served via electronic mail by this Court's CM/ECF system, which will serve a copy on all counsel of record.

Respectfully submitted,

/s/ Bruce H. Searby_____
Bruce H. Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Fax:  202-849-2122
bsearby@searby.law