**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | Case No. 21-cr-128 (RC) |
| : | |
| **MICHAEL POPE,**   : | |
| : | |
| **Defendant.**   : | |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S TRIAL MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response to Defendant Michael Pope's Trial Memorandum of Law on the law applicable to Count One charging obstruction of a law enforcement officer in a civil disorder under 18 U.S.C. § 231(a)(3). (ECF No. 200). The Court should rule that the verdict sheet and interpretation of the statute proposed by the government is appropriate.

## ARGUMENT

The defendant argues that (1) obstruction must contain some intended offensive use of physical force directed at an officer or officers; and (2) the Government must prove a discrete, identifiable act fulfilling all elements of the offense under the plain language of the statute. Neither of these arguments has merit and the court should abide by neither.

First, there is no legal requirement that this court find that a civil disorder violation must encapsulate an offensive use of physical force. There is no prong for the offensive use of physical violence in the statute. The statute says "civil disorder" is any "public disturbance involving acts of violence by groups of three or more persons" which "causes an immediate danger of injury to another individual." *See* § 232(3). Additionally, as the defendant acknowledges, the D.C. Court of

1

Appeals has not addressed what constitutes an "act to obstruct, impede, or interfere" with law enforcement under this statute. This court has no binding precedent in determining this issue.

But the 8th Circuit's discussion of this issue in *U.S. v. Mechanic* 454 F.2d 849 (8th Cir. 1971) would indicate that the defendant's conduct during the Capitol Siege met the standard of an offensive use of force. In its pre-trial briefing, and through video evidence and witness testimony offered the first day of trial, the government has identified at least four instances of aggressive conduct by the defendant towards law enforcement. The defendant was not a mere bystander, but someone who was aggressive and antagonistic towards law enforcement multiple times throughout the day.

Second, the defendant's argument that the government must identify a discrete act in order to prove a violation of 18 U.S.C. § 231(a)(3) is incorrect. In *US v. Grider* 651 F.Supp.3d 1 (2022), Judge Kollar-Kotelly found that a January 6th guilty of violating 18 U.S.C. § 231(a)(3) in a bench trial. Critically, when analyzing the guilt of the defendant, the court discussed multiple instances throughout the day as constituting a single count of disorder. The court held that the defendant, "committed multiple acts with the intent to obstruct law enforcement officers while attempting to quell a civil disorder. These actions began even before Grider entered the building when he removed a police barricade and placed it on a railing to assist other rioters in accessing… ultimately, the interior of the Capitol building." *Id.* at 13-14. Accordingly, the court in the present case should have no concern about adopting the course of conduct theory advocated for by the government.

Nor have other courts in January 6th cases felt it necessary to adopt a verdict form like the one offered by the defendant. The following cases all adopted verdict forms identical to the one offered by the government for the 18 U.S.C. § 231(a)(3) count in this case: *United States v. Jensen*,

21-cr-6 (TJK) (ECF No. 97 at 21-22); *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16); *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17); and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); Nordean et al 21-cr-175.

## CONCLUSION

For the foregoing reasons, the Government respectfully asserts that defendant Michael Pope's arguments contained in the trial memorandum of law must fail.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Matthew Beckwith*
Matthew Beckwith
Assistant United States Attorney
New York Bar No. 90014452
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Matthew.Beckwith@usdoj.gov