IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Criminal No.: 21-cr-128 (RC) |
| vs. | ) | |
| ) | | |
| MICHAEL POPE, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MICHAEL POPE'S REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S SUPPLEMENTAL FILINGS AND TRIAL BRIEFS IN
SUPPORT OF DEFENDANT MICHAEL POPE'S MOTION FOR JUDGMENT
OF ACQUITTAL UNDER RULE 29**

Defendant Michael Pope, by and through the undersigned court-appointed

counsel, hereby respectfully files this Reply to the Government's Response to

Defendant's Supplemental Filings and Trial Briefs filed on August 2, 2024 (ECF No.

342) ("Gov.'s Response to Supp. Filings"), all of which defense filings have been in

support of Michael Pope's Motion for Judgement of Acquittal Under

Fed.R.Crim.Pro. 29 on Count One charging obstruction of a law enforcement officer

in a civil disorder under 18 U.S.C. § 231(a)(3), and on Count Two charging

obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2), at the U.S.

Capitol on January 6, 2021.

Michael Pope hereby incorporates his prior arguments and pleadings on

these counts in this case.

## INTRODUCTION

It must be a very rare criminal case indeed that goes without a verdict for several months after trial, and where the Government nonetheless has proven guilt beyond a reasonable doubt.  But there are much more definitive, concrete reasons why this Court should now grant Defendant Michael Pope's Rule 29 motion for judgment of acquittal, in full. The demise of the Government's count for obstructing an official proceeding of Congress under § 1512(c)(2) is now conceded in the Government's latest response brief. Its efforts to shore up the remaining felony count under § 231(a)(3) are highly repetitive of its earlier opposition brief, and like that brief, lack citation to the trial record to an extraordinary extent.  The Government virtually ignores Michael Pope's rebuttal points based on a close read of the trial record, as well as other arguments.  It is clear that this case is a factual outlier among § 231(a)(3) convictions of January 6th defendants.

Michael Pope has accepted criminal responsibility for his acts on January 6th. To deem his peaceful conduct to be felonious would be over-kill, and would set a bad precedent. This Court should grant Michael Pope's Rule 29 motion, or otherwise acquit him of the § 231(a)(3) count.

## ARGUMENT

### I.  The Court Should Dismiss the § 1512(c)(2) Count, Which Interfered With Michael Pope's Defense of the § 231(a)(3) Count

On Count Two, charging violation of § 1512(c)(2) for obstructing an official proceeding, the Government has finally conceded that the charge must be dismissed. (Gov.'s Response to Supp. Filings, at 1.)  Not only should the

2

Government's belated request be granted, but that count's dismissal should also, in the interests of justice, further weigh against Michael Pope's conviction on Count One for violating 18 U.S.C. § 231(a)(3) (Obstructing a Law Enforcement Officer In a Civil Disorder).

Dismissal of the § 1512(c)(2) count was "written on the wall" at the time of the January 2024 trial in this case a month after the Supreme Court's grant of *certiorari* in *United States v. Fischer*, 64 F.4d 329, 364 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). Still, Michael Pope had to go to trial on **both** counts, precluding a trial strategy that could focus on Count One, including testimony in his own defense waiving the Fifth Amendment. As the Court will recall, Michael Pope indeed made the strategic choice not to testify. In case of his conviction under § 231(a)(3), Michael Pope reserves the right to move for a new trial and he would elaborate on this issue, which he raised pre-trial in a motion to stay the case pending a ruling in *Fischer*. (ECF 164, at p. 3.)

Thus, Count Two against Michael Pope must be dismissed, and the damage sustained to the fairness of his defense in Count One should be duly noted.

## II. The Government Does Nothing To Shore Up Its Faulty Characterizations of the Trial Record In This Case Made Previously In Support of Count One, But Rather Keeps Digging Its Hole

The arguments of the Government's responsive brief concerning § 231(a)(3) are stale. To the extent that the factual discussion of Michael Pope's conduct breaks any new ground, it is only to add yet another baseless assertion made without citation to the record.

The Government does not even try to meet Michael Pope's specific refutations of the Government's serial mischaracterizations of the evidence about his encounters with officers, as Michael Pope meticulously pointed out in the Opening Brief (ECF 221) and Reply Memorandum in Support of Defendant Michael Pope's Motion For Judgement of Acquittal Under Rule 29, ("Reply Memo In Supp. Of Def.") for this motion.  (ECF 248, at 7-10.) Instead, the Government largely repeats its previous cite-free factual narrative and argument in its initial opposition brief (ECF No. 235). For example, an encounter that an officer described in trial testimony as Michael Pope's leg "touching" him is described once more as an "altercation" in the Government's latest brief.[1]  (*Compare* Reply Memo In Supp. Of Def., ECF 248, pp. 4-7, to Gov.'s Response to Supp. Filings, ECF 342, p. 10.)  Michael Pope similarly has already refuted the Government's content-free use of the term "resisting" to describe his behavior (*compare* Gov.'s Response to Supp. Filings, p. 8, to Reply Memo In Supp. Of Def., ECF 248, pp. 9-10); but the Government adds here no more content sourced from the trial record to support this characterization.

Similarly, the Government has again manufactured from thin air that there were **multiple** incidents of Michael Pope "kicking barricades" (Gov.'s Response to Supp. Filings, ECF 342, p. 8.  In fact, the video evidence showed only one instance of Michael Pope directing his foot towards a bike rack, in a quick motion consistent

---

[1] Despite the unsupported allegation that he engaged in an "altercation," the Government in its latest brief has abandoned one particularly baseless characterization featured in its previous brief, namely, that Michael Pope was "fighting" with officers.

with an officer's own effort just then to stand the barricade back upright.  (Reply Memo In Supp. Of Def., ECF 248, p. 8). There was no support for the Government's allegation of multiple kickings the first time, and repetition makes this no more true today.

This new Government brief does add at least one audacious new characterization to its efforts to gain Michael Pope's conviction on § 231(a)(3):  "His Facebook messages revealed that he had an expectation of potential violence at the Capitol that day, even considering wearing protective body armor." (Gov.'s Response to Supp. Filings, ECF 342, p. 7.)  However, as Michael Pope has already pointed out, there was not an iota of evidence that, before January 6th, Michael Pope planned to be at the Capitol -- let alone that he expected violence there (nor, as even the Government fails to allege, that he expected violence with law enforcement officers there).

In its persistence with the count under § 231(a)(3), the Government has tried to make a mountain out of a series of molehills, and this Court should acquit Michael Pope of this count as a matter of law.

### III.        The Government Ignores Other Arguments of Michael Pope's

There were additional points made in Michael Pope's briefing about the alleged violation of § 231(a)(3) which the Government did not rebut, given multiple chances by now. A "best-of" list follows:

- The D.C. Circuit has not decided the question of whether a felony violation of § 231(a)(3) requires the defendant's intentional use of physical force against an officer, or some threat or encouragement of the same, as has been required outside this Circuit. (Opening Br., ECF 221, p. 35-42.) This Court remains free in this case to restrict application of the statute in this manner.  This limitation would protect peaceful protestors from an over-reach in the application of a felony statute, in a way that could needlessly chill political speech. Especially as prosecutorial norms about the independence of the Justice Department from the President are being questioned, this type of limitation makes great prudential sense.

- If an individual encounter with a police officer does not meet all elements of § 231(a)(3), then there is no obstruction violation arising from the defendant's act during that encounter. (Opening Br., ECF 221, p. 42-43.)

- Section 231(a)(3) prohibits intentional obstruction of and interference with an officer -- not with a bike rack, let alone a bike rack from which an officer testified he was retreating because it was a "lost cause." (Opening Br., ECF 221, p. 7-8.)

- Michael Pope's friendly behavior towards police outside the Capitol building for nearly twenty minutes before his entry at the Senate Carriage Door weighs against a finding that he had the specific intent required for conviction of a felony obstruction.  Granted, it does not

absolve him of criminal responsibility generally. (Reply Memo In Supp. Of Def., ECF 248, p. 15.)

- Michael Pope had nothing to do with – nor even demonstrable knowledge of – his brother's flagpole jamming the Senate Carriage Door open. (Reply Memo In Supp. Of Def., ECF 248, pp. 10-12.)

- After Michael Pope's initial entry into the Capitol, as unauthorized and regrettable as it was, it was the police who made a decision to shut the Senate Carriage Door with Michael Pope and others inside.  Police made a later decision to take Michael Pope out from an elevator and direct him down the hall into the interior.  Thus, he did not plot to "penetrate" further inside, as the Government is strangely fond of saying.  Moreover, there is no evidence that Michael Pope knew where he was going after being shut inside. (Reply Memo In Supp. Of Def., ECF 248, pp. 4-5.)

Each and every one of these unrebutted points puncture the notion that Michael Pope deserves the harsh brand of a felon.


**IV. The Government Does Not Demonstrate That the Facts of This Case Are of a Similar or More Serious Nature Compared to Other Cases of Conviction Under § 231(a)(3) for January 6th Defendants**

Fourth, the Government's supplemental filing cannot establish that Michael Pope's behavior is as serious as, or more serious than, other § 231(a)(3) cases of January 6th defendants.  Michael Pope's several notices of supplemental authority still show that his case would be an outlier for conviction under § 231(a)(3).

In the latest brief, the Government simply repeats its previous conclusion that "prior January 6th convictions under 18 USC § 231(a)(3) show that the Michael Pope's conduct was of similar, or more serious, gravity as that in other civil disorder cases." (Gov.'s Response to Supp. Filings, p. 10). Later on, the Government refers to the examples it gave in its Rule 29 opposition brief of previous § 231(a)(3) convictions for behavior that it compared to Michael Pope's. (*Id*. at 11, *citing* ECF No. 235 at 12-13, fn. 1.)  However, the Government does not address at all the points about its cited cases that Michael Pope made in **four pages of detailed analysis** in the Second Notice of Supplemental Authority that Michael Pope filed on May 7, 2024.  (ECF No. 258, at p. 5-8.)  In this analysis, Michael Pope surfaced facts as alleged by the Government in those other § 231(a)(3) cases such as the defendants pushing through lines of police, striking officers with a stick raised in a military tactical position to push others away, "physical resistance," stealing police protective gear from them, screaming and ranting at officers, or other behavior totally absent from this case at bar. Michael Pope further explained in that previous filing that, as to four of the eight cases cited by the Government, the Government's brief in this case omitted the most aggressive and violent facts it had alleged **there** in those previous cases. Again, the Government makes no use in its August 2nd brief of the opportunity provided by this Court to contest Michael Pope's account, which set the record straight about those allegedly similar cases.

The Government also ignores or brushes off several verdicts of acquittals at bench trials of January 6th defendants charged under § 231(a)(3) (defendants Hicks,

Mlynarek and Balhorn, discussed by Michael Pope in ECF Nos. 331 and 341) that Michael Pope argued contain support for his acquittal, too.  The Government refuses to acknowledge the sensible observations of those district judges -- that a lot more than illegal presence at the riot making the police's job difficult is necessary for conviction under § 231(a)(3), and that close observation of defendant's behavior is required to find the requisite specific intent to act against the officers themselves.

Instead, the Government cites two cases of conviction under § 231(a)(3) (Gov.'s Response to Supp. Filings, p. 11, n.1) -- but inappositely so.

Judge Cobb's verdict reading in *United States v. Antonio Lamotta*, Case No. 1:22-cr-000320, is not publicly available yet.  However, according to the Deputy Federal Defender who tried that case, in comments made today to undersigned counsel, Judge Cobb gave an explanation in open court when rendering the guilty verdict under § 231(a)(3).  Judge Cobb reportedly focused on a moment when the defendant was holding a door for rioters to come in where there were police officers struggling, fallen on the floor, after clashing with rioters, and officers had been trying to close the door he was holding open.  The defendant was thus intentionally helping rioters approach the physically-assaulted officers.  The Government had also alleged physical pushing of officers by the defendant himself.  In Michael Pope's case, he did nothing like this egregious conduct -- obviously subjecting battered officers to more battering by rioters.

The Government also cites Judge Walton's conviction of the defendant under § 231(a)(3) in *United States v. Dunfe*e, Case No. 1:23-cr-00036.  There is as yet no

explanation of the verdict from Judge Walton, but the stipulated trial transcript (ECF 67) is attached hereto as Exhibit 1. In that case, according to the Government:

- The defendant directly addressed law enforcement officers, telling them, "Give us Trump or give us our house." (Exhibit 1, at Transcript p. 82), and told the crowd: "You settle your differences at the ballot. How did that work out for us?" (*Id.* at p. 80.) The defendant again directly addressed Capitol Police officers on the west front, stating, "We want you to understand something. If Trump isn't coming, we are taking our house." (*Id.* at 82.)

- The defendant planned physical violence. (*Id.* at p. 81.)

- The defendant wanted rioters to physically take over the Capitol, not just show up and protest. (*Id.*)

- The defendant pushed against barricades on the east front **against** US Capitol Police officers. (*Id.*)

- The defendant pushed against barricades on the east front **against** Capitol Police officers on a second occasion, so that the defendant and others were able to break through the barricades. (*Id.* at p. 83.)

Therefore, that case involved the defendant's premeditation and execution of physical violence against police officers, by himself and by others he incited with his explicitly violent rhetoric.  There is little or no sense of all this violence from the Government's description of that case in its brief in this case.

As he has frequently admitted: Michael Pope committed crimes on January 6th, but they were lesser crimes of non-compliance with lawful authority.  He breached a bike rack that authorities intended him to remain behind; he did **not** fight a police officer who had tried to maintain that bike rack. Michael Pope illegally demonstrated.  He trespassed and entered the Capitol building despite signs he shouldn't be there; however, Michael Pope's wanderings and his leg's touch of a police officer thereafter do not elevate his misdemeanor conduct into a felony. Michael Pope's trial revealed that the Government's serious felony charge of obstruction under § 231(a)(3). was a mirage, or at best, was so weak that no reasonable finder of fact could find his intent to obstruct officers beyond a reasonable doubt.  These other cases drive this conclusion home.

## **CONCLUSION**

WHEREFORE, the Court should enter a judgment of acquittal as a matter of law under Rule 29 for Counts One and Two of the Second Superseding Indictment.

Alternatively, the Court should simply find defendant not guilty beyond a reasonable doubt of those same counts.

Dated this 3rd day of September, 2024.

Respectfully submitted,

/s/ Bruce H. Searby

Bruce H. Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Tel: (202) 750-6106
Fax:  202-849-2122

bsearby@searby.law

COUNSEL FOR DEFENDANT
MICHAEL POPE

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September 2024, true and genuine copies

of **MICHAEL POPE'S REPLY TO GOVERNMENT'S RESPONSE TO**

**DEFENDANT'S SUPPLEMENTAL FILINGS AND TRIAL BRIEFS IN**

**SUPPORT OF DEFENDANT MICHAEL POPE'S MOTION FOR JUDGMENT**

**OF ACQUITTAL UNDER RULE 29** were served via electronic mail by this Court's

CM/ECF system, which will serve a copy on all counsel of record.

Respectfully submitted,

/s/ Bruce H. Searby_____
Bruce H. Searby, DC Bar No. 1012382
SEARBY PLLC
2000 P Street, NW, Suite 705
Washington, D.C. 20036
Fax:  202-849-2122
bsearby@searby.law